UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID J. DUNN, | : | CIVIL CASE NO. |
|     Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| WILLIAM TONG, IN HIS OFFICIAL | : | |
| CAPACITY AS ATTORNEY GENERAL | : | |
| OF THE STATE OF CONNECTICUT, | : | |
| SEAN SCANLON, IN HIS OFFICIAL | : | |
| CAPACITY AS COMPTROLLER OF | : | |
| THE STATE OF CONNECTICUT, | : | |
| JOHN HERRINGTON, IN HIS OFFICIAL | : | |
| CAPACITY AS DIRECTOR OF RETIREMENT | : | |
| SERVICES DIVISION OF THE STATE | : | |
| COMPTROLLER, PETER ADOMEIT, IN HIS | : | |
| OFFICIAL CAPACITY AS A TRUSTEE AND | : | |
| CHAIRPERSON OF THE CONNECTICUT | : | |
| EMPLOYEES RETIREMENT COMMISSION, | : | |
| AND ERICK RUSSELL, IN HIS OFFICIAL | : | |
| CAPACITY AS TREASURER OF THE STATE | : | |
| OF CONNECTICUT, | : | |
|     Defendants. | : | JANUARY 30, 2023 |

**COMPLAINT**

**I.   PRELIMINARY STATEMENT**

    1.    The plaintiff brings this action against the defendants to enjoin the defendants prospectively from invoking the provisions of Connecticut General Statutes § 1-110a and from complying with the decision of the Connecticut Superior Court in the case of *State ex rel. Tong v. Dunn,* No. HHD-CV-20-6134531-S, 2022 WL 6691288, at *1 (Conn. Super. Ct. Oct. 3, 2022), because the provisions of Connecticut General Statutes § 1-110a substantially interfere with the plaintiff's

1

      contractual rights in violation of the provisions of Article I, Section 10, of the United States Constitution by reducing the plaintiff's vested right to a full retirement pension by fifty percent.

2. In addition, the plaintiff brings this action against the defendants to enjoin the defendants prospectively from complying with the decision of the Connecticut Superior Court in the case of *State ex rel. Tong v. Dunn,* No. HHD-CV-20-6134531-S, 2022 WL 6691288, at *1 (Conn. Super. Ct. Oct. 3, 2022), because the court's decision by reducing the plaintiff's vested right to a full retirement pension by fifty percent violated the Eight Amendment to the United States Constitution's prohibition against excessive fines and cruel and unusual punishments.

## II.    JURISDICTION

3. This action arises under the Article I, Section 10 of the United States Constitution, made actionable against the defendants under the provisions of Title 42 U.S.C. §1983.

4. Additionally, this action arises under the Eighth Amendment to the United States Constitution, made applicable to the defendants pursuant to the Fourteenth Amendment to the United States Constitution, made actionable against the defendants by the provisions of Title 42 U.S.C. §1983.

5. Jurisdiction is invoked pursuant to Title 28 U.S.C. §1331 and Title 28 U.S.C. §1343.

6. Injunctive relief is sought pursuant to Title 28 U.S.C. §2201 and Title 28 U.S.C. §2202.

7. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §1988 and Rule 54 of the Federal Rules of Civil Procedure.

## III. VENUE

8. This action properly lies in the United States District Court for the District of Connecticut pursuant to Title 28 U.S.C. §1391(b), because the claims of the plaintiff arose in this judicial district, and the defendants are residents within the District of Connecticut.

## IV. PARTIES

9. The plaintiff, David J. Dunn, is a citizen of the United States and resides in Stratford, Connecticut.

10. The defendants are all residents of the State of Connecticut.

11. The defendant, William Tong, is the Attorney General of the State of Connecticut, and is sued in his official capacity.

12. The defendant, Sean Scanlon, is the Comptroller of the State of Connecticut, and an ex officio trustee of the Connecticut Employees Retirement Commission, and is sued in his official capacity.

13. The defendant, Erick Russell, is the Treasurer of the State of Connecticut, and an ex officio trustee of the Connecticut Employees Retirement Commission, and is sued in his official capacity.

14. The defendant, John Herrington, the Director of Retirement Services Division of the State Comptroller, and is sued in his official capacity.

15. The defendant, Peter Adomeit, is a trustee and serves as chairperson of the Connecticut Employees Retirement Commission, and is sued in his official capacities.

## V. **FACTS**

16. From November 1975 to September 2020, except for the period from 1979 through December 1981, and 1990 to 1998, the plaintiff was a member of the Connecticut Municipal Employees' Retirement Fund B.

17. Conn. Gen. Stat. Ann. § 7-428 provides that "[a]ny member of fund B shall be eligible for retirement and to receive a retirement allowance upon completing twenty-five years of aggregate service in a participating municipality or upon attaining the age of fifty-five years, provided such employee has had five years of continuous service or fifteen years of active aggregate service in a participating municipality."

18. By 2008, the plaintiff had attained the age of fifty-five years and had five years of continuous service, as well as fifteen years of active aggregate service with the city of Bridgeport, which during the plaintiff's entire employment with the city of Bridgeport, was a participating municipality in the Connecticut Municipal Employees' Retirement Fund B.

19. In 2008, the plaintiff possessed an unconditional vested interest in a retirement allowance as a member of the Connecticut Municipal Employees' Retirement Fund B.

20. Upon his retirement on September 12, 2020, the plaintiff was entitled to an annual pension from the Connecticut Municipal Employees' Retirement Fund B in the amount

of $81,969.84, based on twenty-nine years and four months of aggregate service with the city of Bridgeport.

21. In 2008, after the plaintiff's right to a retirement allowance had vested, the Connecticut legislature adopted Connecticut General Statutes § 1-110a (a), which provides, "[n]otwithstanding any provision of the general statutes, on or after October 1, 2008, if any public official or state or municipal employee is convicted of or pleads guilty or nolo contendere to any crime related to state or municipal office in state criminal or federal criminal court, the Attorney General shall apply to the Superior Court for an order to revoke or reduce the pension of any kind to which such public official or state or municipal employee is otherwise entitled under the general statutes for service as a public official or state or municipal employee."

22. In October of 2020, the plaintiff pleaded guilty to the charge of conspiracy to commit wire fraud in the United States District Court for the District of Connecticut in the case of *United States v. David Dunn*, #3:20-cr-00181-KAD (D. Conn.).

23. On November 2, 2020, Attorney General William Tong, as relator for the State of Connecticut, filed an action against the plaintiff in the Connecticut Superior Court, DOCKET NO.: HHD-CV-20-6134531, pursuant to Connecticut General Statutes § 1-110a, to revoke and/or reduce the pension to which the plaintiff had become vested in 2003.

24. On October 3, 2022, the Connecticut Superior Court entered judgment against the plaintiff and ordered "a reduction of the defendant's pension by 50 percent."

25. The fifty percent reduction in the plaintiff's pension is a substantially larger forfeiture by over two hundred percent, than any other revocation and/or reduction imposed in a judicial proceeding brought under the provisions of Connecticut General Statutes § 1-110a.

26. The fifty percent reduction results in a disproportionately severe penalty when considering the percentage of the plaintiff's income that the pension comprises, the dollar actual and prospective dollar amount of the forfeiture, the percentage of the plaintiff's career in which the wrongdoing had occurred, and the full restitution received by the city of Bridgeport for the losses resulting the plaintiff's wrongdoing.

27. The Superior Court found that "[t]he [plaintiff's] pension provides 78 percent of his total income and is his principal financial asset. His six-month role in this affair represents only 1.7 percent of his career with the city." *State ex rel Tong v. Dunn*, Superior Court, judicial district of Hartford, Docket No. CV-20-6134531-S (October 3, 2022, Reed, J.)

28. The Superior Court imposed on the plaintiff a forfeiture of approximately $41,000.00 per year or $3,420.41 per month for the rest of his life. *State ex rel Tong v. Dunn*, Superior Court, judicial district of Hartford, Docket No. CV-20-6134531-S (October 3, 2022, Reed, J.)

29. The "victim" of the plaintiff's crime, the city of Bridgeport, suffered no economic loss as a result of it receiving full restitution for its losses.

30. The case law cited by the Superior Court, in which the retiree allowances had been revoked in their totality, does not support or justify the fifty percent reduction of the plaintiff's pension ordered by the Superior Court.

31. In *State ex rel Jepsen v. Perez*, Superior Court, judicial district of Hartford, Docket No. CV-17-6081935-S (March 12, 2019., Noble, J.), the amount of the total yearly pension revoked by the court was $27,945.12, substantially less than the court's fifty percent abatement of the plaintiff's pension in the present case.

32. In the only other case cited by the court, *State ex rel. Jepsen v. Handly*, No. HHDCV146047658S, 2014 WL 5394574, at *3 (Conn. Super. Ct. Sept. 18, 2014), in which a total pension revocation was imposed by the Superior Court, the defendant had not accumulated enough time to be awarded a pension and, therefore, only forfeited her pension contributions.

33. The Superior Court ruled in the *Handly* case that since "[t]he defendant had not accumulated sufficient years in state service to receive present pension payments, [and] her pension account contains a balance of employee contributions, without interest, in the amount of $2,118.04," it was appropriate to forfeit the balance of the employee contributions. *State ex rel. Jepsen v. Handly*, No. HHDCV146047658S, 2014 WL 5394574, at *3 (Conn. Super. Ct. Sept. 18, 2014).

34. The forfeiture of $2,118.04 imposed by the Superior Court in the *Handly* case is de minimis when compared to the loss resulting from the fifty percent reduction imposed by the Superior Court on the plaintiff's retirement allowance.

35. Although the Superior Court found that "[t]he [Dunn] had an unblemished record of service with the city until 2018…[and] [h]is six-month role in this affair represents only 1.7 percent of his career with the city, the court arbitrarily and irrationally imposed a fifty percent forfeiture of the plaintiff's pension.

36. The defendants at all times relevant to this action, acted under color of state law.

37. The defendants are persons within the meaning of Title 42 U.S.C. § 1983 and are acting under color of law.

**VI.     FIRST CAUSE OF ACTION (Violation of the Plaintiff's Rights Under the Eighth Amendment to the United States Constitution)**

38-74. The plaintiff incorporates as if re-alleged paragraphs 1 through 37.

75. Connecticut General Statutes § 1-110a is not remedial but is retributive and serves as a punishment and as a deterrent.

76. Connecticut General Statutes § 1-110a is not remedial in nature, but serves retributive and deterrent purposes, and is therefore considered a fine for purposes of the Eighth Amendment to the United States Constitution.

77. The fifty percent reduction of the plaintiff's pension imposed by the Superior Court pursuant to the provisions of Connecticut General Statutes § 1-110a is a punishment, the excessive nature of which is barred by the Excessive Fines Clause of the Eighth Amendment of the United States Constitution made applicable to the defendants by way of the Fourteenth Amendment to the United States Constitution.

78. The fifty percent reduction in the plaintiff's pension is an excessive fine which is prohibited by the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

79. The fifty percent forfeiture of the plaintiff's pension is so grossly disproportionate to the gravity of the plaintiff's offenses that it violates the excessive fines clause of the Eighth Amendment to the United States Constitution.

80. The plaintiff will suffer irreparable harm for which he has no legal remedy unless the defendants are enjoined by the Court from reducing the plaintiff's pension.

**VII.     SECOND CAUSE OF ACTION (Violation of the Plaintiff's Rights Under Article I, Section 10, of the United States Constitution)**

81-117.    The plaintiff incorporates as if re-alleged paragraphs 1 through 37.

118. Since 2003, the plaintiff possessed a vested right to receive a retirement allowance pursuant to the provisions of Connecticut General Statutes § 7-428.

119. The enactment of Connecticut General Statutes § 1-110a in 2008 impaired the plaintiff's right to receive his retirement allowance without revocation and/or reduction.

120. The plaintiff had a contractual right to receive his retirement allowance without revocation and/or reduction.

121. In 2008, a change in state law, the enactment of Connecticut General Statutes § 1-110a, impaired the plaintiff contract right to receive his retirement allowance without revocation and/or reduction.

122. The impairment of the plaintiff's contract right to receive his retirement allowance without revocation and/or reduction is substantial.

123. The enactment of Connecticut General Statutes § 1-110a, and the imposition of a fifty percent reduction in the plaintiff's retirement allowance on October 3, 2022, impaired the plaintiff's contract rights in violation of Article I, Section 10, of the United States Constitution.

124. The plaintiff will suffer irreparable harm for which he has no legal remedy unless the defendants are enjoined by the Court from reducing the plaintiff's pension.

### VIII. **PRAYER FOR RELIEF**

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

As to the First and Second Causes of Action:

    a. Enjoin the defendants from reducing the plaintiff's retirement allowance;

    b. award the plaintiff his costs and attorney fees; and

    c. grant such other and further relief as the Court may deem just and proper.

THE PLAINTIFF – DAVID J. DUNN

BY/s/ Thomas W. Bucci
Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
1000 Bridgeport Avenue
Suite 501
Shelton, CT 06484
Tel: (203) 366-3939
Fax: (475) 269-2907
Email: thomaswbucci@outlook.com